Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOCELYN PEREZ, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FEIN, SUCH, KAHN & SHEPARD, P.C.;  ARS, LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.    The mailing addresses of the parties to this action are:

JOCELYN PEREZ
30 Marconi Street
Clifton, New Jersey 07013

FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054

ARS, LLC
2200 E. Devon Avenue
Des Plaines, Illinois 60018

## PRELIMINARY STATEMENT

2.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, FEIN, SUCH, KAHN & SHEPARD, P.C. ("FEIN SUCH LAW"); ARS, LLC ("ARS")  and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Passiac County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      FEIN SUCH LAW maintains a location at 7 Century Drive, Suite 201, Parsippany, New Jersey 07054.

8.      ARS maintains a location at 2200 E. Devon Avenue, Des Plaines, Illinois 60018.

9.      FEIN SUCH LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10.     ARS uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11.     FEIN SUCH LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.     ARS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

15.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who FEIN SUCH LAW collected or attempted to collect a debt from, which was owned by ARS.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

16.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.  <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

b.  <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.  Whether the Defendants violated various provisions of the FDCPA as set forth herein:

    ii.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.  Whether Plaintiff and the Class are entitled to declaratory relief.

c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21.     At some time prior to March 16, 2020, Plaintiff allegedly incurred a financial obligation to CHASE MANHATTAN BANK NA (USA) ("CHASE BANK").

22.     The CHASE BANK, N.A. obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or a retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

23.     The CHASE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     Plaintiff incurred the CHASE BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

25.     The CHASE BANK obligation did not arise out of a transaction that was for non-personal use.

26.     The CHASE BANK obligation did not arise out of a transaction that was for business use.

27.     The CHASE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.     CHASE BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29.     At some time prior to March 16, 2020, the CHASE BANK obligation was purchased by and/or sold to ARS.

30.     At the time the CHASE BANK obligation was purchased by and/or sold to ARS, the obligation was in default.

31.     The principal purpose of ARS is the collection of debts which are in default at the time it purchases the debts.

32.     ARS has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

33.     ARS did not obtain a license from the New Jersey Department of Banking and Insurance prior to making attempts to collect the obligation as required by law.  See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law*

*Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

34.    On or about June 15, 2007, ARS obtained a judgment against Plaintiff for the CHASE BANK obligation on in the Superior Court of New Jersey, Passaic County, Special Civil Part, Docket No.: DC-005804-07.

35.    On or before March 16, 2020, ARS, directly or through an agent, referred the CHASE BANK obligation to FEIN SUCH LAW for the purpose of collections.

36.    At the time the CHASE BANK obligation was referred to FEIN SUCH LAW the CHASE BANK obligation was past due.

37.    At the time the CHASE BANK obligation was referred to FEIN SUCH LAW the CHASE BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

38.    In an attempt to collect on the judgment, Defendants caused to be delivered to Plaintiff a letter dated March 16, 2020, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

39.    ARS did not obtain a license from the New Jersey Department of Banking and Insurance prior to authorizing and/or causing FEIN SUCH LAW to send its March 16, 2020 letter as required by law.  See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer,* 2018 U.S. Dist. LEXIS 85926; and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688.

40.     The March 16, 2020 letter was sent to Plaintiff in connection with the collection of the CHASE BANK obligation.

41.     The March 16, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

42.     The March 16, 2020 letter is the initial written communication sent from Defendant to the Plaintiff.

43.     Upon receipt, Plaintiff read the March 16, 2020 letter.

44.     The March 16, 2020 letter provides the following information regarding the balance claimed due on the CHASE BANK obligation:

Account Balance:  $3,017.26

45.     The March 16, 2020 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

46.     The outstanding balance claimed to be due by Defendants on the CHASE BANK obligation as of March 16, 2020 included an amount for interest, fees and/or other charges.

47.     The March 16, 2020 letter did not inform Plaintiff that the amount of the debt included an amount for interest and that interest was continuing to accrue on the CHASE BANK obligation.

48.     The March 16, 2020 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees and that costs and/or fees were continuing to accrue on the CHASE BANK obligation.

49.     ARS is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

50.     ARS is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

51.    ARS is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

52.    The CHASE BANK obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

53.    Alternatively, the CHASE BANK obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

54.    ARS engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

55.    ARS engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

56.    At all times relevant to this matter, ARS did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

57.    At all times relevant to this matter, ARS did not obtain a license issued by the New Jersey Department of Banking and Insurance.

58.    At all times relevant to this matter, ARS did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

59.    At no time was FEIN SUCH LAW authorized to collect on Plaintiff's account.

60.    At no time was ARS authorized to collect on Plaintiff's account.

61.    As ARS did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CHASE BANK obligation.

62.    As ARS did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all relevant to this matter, it was prohibited from attempting to collect on the CHASE BANK, N.A. obligation.

63.    As ARS did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times prior to March 16, 2020, FEIN SUCH LAW was prohibited from attempting to collect on the CHASE BANK, N.A. obligation.

64.    As ARS did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times prior to March 16, 2020, FEIN SUCH LAW was prohibited from attempting to collect on the CHASE BANK, N.A. obligation.

65.    FEIN SUCH LAW knew or should have known that its actions violated the FDCPA.

66.    ARS knew or should have known that its actions violated the FDCPA.

67.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

68.    It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

>    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

>    (b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

>    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

>    (d)    Making a false representation of the character or amount of the debt.

69.    Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of ARS.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

70.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

71.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

72.    Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

73.    Defendant's letter would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

74.    Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

75.    Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

76.    Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

77.    Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that ARS had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

78.    A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

79.    Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law  violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

80.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

81.    Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

82.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

83.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CHASE BANK obligation included an amount for interest and an amount for costs and/or fees.

84.    15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

85.    Defendants violated 15 U.S.C. § 1692e(2)(A) by failing to advise Plaintiff and others similarly situated that interest was continuing to accrue on the judgment obtained.

86.    Defendants violated 15 U.S.C. § 1692e(2)(A) by failing to advise Plaintiff and others similarly situated that court costs and/or fees were continuing to accrue on the judgment obtained.

87.    Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

88.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

89.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the CHASE BANK obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

90.    15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

91.    Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

92.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

93.    Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

94.    15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

95.    Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

96.     Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

97.     Defendant FEIN SUCH LAW is vicariously liable for any violations of the FDCPA that ARS committed as described herein.

98.     Defendant ARS is vicariously liable for any violations of the FDCPA that FEIN SUCH LAW committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.,* 225 F.3d 379 (3d Cir. 2000).

99.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

100.    Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

101.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

102.    Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

103.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

104.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 7, 2020                            Respectfully submitted,

By:    *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 037712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: April 7, 2020

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 037712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

ALAN F. SUCH
HENRY H. FEIN
PHILIP A. KAHN
JAMES E. SHEPARD
GREGG P. TABAKIN
ERIC S. KAPNICK
VINCENT DiMAIOLO, JR.
PETER R. DAY (1957-1990)

# FEIN, SUCH, KAHN & SHEPARD, P.C.

COUNSELLORS AT LAW
7 CENTURY DRIVE, SUITE 201
PARSIPPANY, NEW JERSEY 07054
(973) 867-4541

FACSIMILE (973) 644-3287

*Of Counsel*
PHILIP I. LEVITAN (ext. 329)
HARRY FRIELAND (ext. 3394)

BRIAN P.S. MCCABE (ext. 183)
TATIANA CESPEDES (ext. 125)
DAVID J. LEVINE (ext. 126)
ALVIN L. DARBY (ext. 212)

March 16, 2020

Jocelyn Perez
18 Speer Ave.
Passaic NJ 07055

Re: Creditor: ARS, LLC, Assignee of Chase
Amount Due: $3,017.26
Docket Number: PASSAIC DC-005804-07
Our File No.: 20234410

Sir/Madam:

This law firm was retained for collection of the above referenced judgment.

The consumer's contact with this office is Marge at the number listed above, ext-282 between the hours of 8:30AM and 5:30PM., Monday through Friday.

## CONSUMER NOTICE PURSUANT TO FEDERAL STATUTE

Unless the consumer notifies the debt collector within 30 days after receipt of this notice that the consumer disputes the validity of this debt, or any portion thereof, this debt will be assumed to be valid by the debt collector.

If the consumer notifies the debt collector in writing within the 30 day period that this debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

*Upon the consumer's written request within the 30 day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*
**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Very truly yours,

FEIN, SUCH, KAHN & SHEPARD, P.C.

David J. Levine, Esq

20234410/ -D121E