UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOCELYN PEREZ, on behalf of herself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>FEIN, SUCH, KAHN & SHEPARD, P.C; THE ACCOUNTS RETRIVEABLE SYSTEM INC. d/b/a ARS, LLC.; and JOHN DOES 1-25,<br><br>*Defendants.* | Civil Case No.: 2:20-cv-03809 (AME) |

## FINAL APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter came for hearing on October 12, 2022, upon the joint application (the "Motion") of JOCELYN PEREZ ("Plaintiff"), and a class of persons similarly situated ("Settlement Class Members"), and FEIN, SUCH, KAHN & SHEPARD, P.C.[1] ("Defendant"), for final approval of the Class Action Settlement Agreement, dated March   (the "Agreement"). Due and adequate notice having been given to the Settlement Class Members, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

The Court, for purposes of this Final Order approving the settlement (the "Final Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

1. On May 5, 2022 [ECF No. 54], this Court preliminarily approved the Class

---
[1] Co-Defendant THE ACCOUNTS RETRIEVABLE SYSTEM INC. d/b/a ARS, LLC ("ARS") was previously dismissed with prejudice. [ECF No. 45]

Settlement Agreement reached between Plaintiff and Defendant for the claims alleged in the above-captioned matters filed in the United States District Court for the District of New Jersey (the "Litigation"). The Court approved a Notice of Proposed Class Action Settlement for mailing to the class. The Court is informed that said Notice was sent by first-class mail, via the United States Postal Service (USPS) to 566 individuals who are deemed Settlement Class Members. The USPS returned 143 of the initial Notices as undeliverable. 38 Notices contained forwarding information, or new address information was obtained via skip-tracing, and the Notice was remailed as soon as administratively feasible. One Notice was returned a second time, and the Member was determined to be deceased. For the remaining Notices, no forwarding information was obtained, and the Notices could not be remailed. Zero Settlement Class Members submitted a timely request for exclusion and Zero Settlement Class Members requested exclusion The Court has found that Zero Settlement Class members excluded themselves from the Settlement, and Zero Settlement Class Members objected to the Settlement.

2. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Settlement Class Members, and the Defendant.

3. The Court finds that the distribution of the Notice of Proposed Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of New Jersey law and due process under the United States Constitution.

4. The Court approves the Class Action Settlement of the above-captioned actions, as set forth in the Agreement, which includes a release, and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

5. Except as to any individual Settlement Class Member who has requested

exclusion from the Class, all claims of the Plaintiff and the other Settlement Class Members, against the Defendant are dismissed without prejudice. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

      6.      For purposes of settlement the parties stipulate to the following class:

**CLASS A** - All New Jersey consumers who FEIN SUCH LAW collected or attempted to collect a debt from, which was owned by ARS.

**CLASS B** - All New Jersey consumers who were sent initial letters and/or notices from FEIN SUCH LAW in an attempt to collect on a judgment where interest, costs and/or fees were still accruing on the judgment, but the initial letters and/or notices failed to advise that the balance was subject to increase.

The parties represent that there are a total of approximately 566 members of the Class.

      8.      The Court finds that the stipulated class meets the requirements of Fed. R. Civ. P. 23. Specifically, the Court finds that:

      (a)      The class is so numerous that joinder is impracticable.

      (b)      There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Settlement Class Members.

      (c)      Plaintiff's claims are typical of the claims of the Settlement Class Members.

      (d)      Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class Members.

      (e)      A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

      9.      Excluded from the Settlement Class is zero Settlement Class Members, who

timely and validly requested exclusion.

10. Defendant will maintain a list of Settlement Class Members who are subject to the Release.

11. Each Settlement Class Member not opting out does hereby release and forever discharge the Defendant, and their Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the Class Member now has, ever had, or hereafter may have against the Released Parties, for any violations of the FDCPA arising out of the claims alleged on behalf of the Class in the Litigation. This Agreement does not affect the validity of the debts allegedly owed by the Settlement Class Members, and the Settlement Class Members do not waive or release their right to dispute any alleged debt, or any part of an alleged debt, unrelated to the collection letters at issue. This Release is conditioned on the final approval of the Agreement by the Court and Defendant meeting their obligations therein.

12. Plaintiff has given a Release of all claims as set forth in Paragraph 36 of the Agreement. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

13. Subject to Court approval, for her actual and statutory damages and for her service as class representative, JOCELYN PEREZ will receive one thousand five hundred dollars ($1,500.00) within 30 days after the Effective Date.

14. Within 30 days of the Effective Date, Defendant shall pay the sum of ten thousand dollars ($10,000.00) to the Class Administrator to be distributed in the amount of seventeen and 67/100 ($17.67) Dollars to those Settlement Class Members who did not exclude themselves from the Class Settlement.

15. Effective Date. "Effective Date" is thirty-five (35) days after the Final Approval

Order of Judgment of the Class Action Settlement.

16. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

17. The Court dismisses the claims of Plaintiff and the Settlement Class Members against Defendant without prejudice and without costs.

18. Within thirty (30) days after the Effective Date, Defendant shall make all payments required by the Agreement.

19. Within thirty (30) days of the Effective Date, the Class Administrator shall issue the checks and deliver them to those Settlement Class Members who have not opted out of this Settlement.

20. If any Settlement Class Member fails to cash a settlement check within ninety (90) days of mailing ("Void Date"), the check will be void, Defendant shall be released from any related obligation to the Settlement Class Member, and the Settlement Class Member's right to receive benefits pursuant to the Settlement shall be deemed forfeited.

21. The Court designates the National Consumer Law Center as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award to the National Consumer Law Center within 30 days

of the Void Date.

22. When all of the following have been completed: (i) payments to Plaintiff and the Settlement Member Class, (ii) the expiration of thirty (30) days after the Void Date, (iii) payment of attorney's fees to counsel for Plaintiff and the Settlement Member Class, and (iv) payment of the *cy pres* award, the Class Administrator shall file a "Notice of Compliance" that Class Counsel has complied with the Terms of the Agreement and all Settlement Class Members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, National Consumer Law Center. The Notice of Compliance will request that the Court convert the dismissal of the claims of Plaintiff and the Class against Defendant and the Released Parties to a dismissal with prejudice.

23. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $25,000.00. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $25,000.00 to Class Counsel in accordance with the Agreement. Payment shall be made within thirty (30) days of the Effective Date.

24. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and the Class Representatives, the Class and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Approval Order.

25. This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

SO ORDERED this 15th day of November, 2022.

/s/ André M. Espinosa
Hon. Andre M. Espinosa, U.S.M.J.